The Honorable Jeff Gillespie State Representative P.O. Box 524 Danville, Arkansas 72833-0524
Dear Representative Gillespie:
I am writing in response to your request for my opinion on a question arising from the following reported background:
 I have a constituent, Mr. Todd Tatum, who has served as a volunteer fireman and as a paramedic for over five years. He wants to accept a paid position with the Danville Fire and Rescue Department. Mr. Tatum has been told his age has kept him from qualifying for the Civil Service Exam.
These facts have prompted you to pose the following question:
 Would his time served as a volunteer fireman exempt him from the age restriction and allow him to take the exam?
My inquiries reveal that Danville is a city of the second class and does not have a civil service commission. It is organized under the aldermanic form of city government.
RESPONSE
Given that Danville is a city of the second class and the civil service system applies only to cities of the first class, I see no statutory bar to employing Mr. Tatum without his taking the examination. It is possible that some local ordinance imposes age restrictions on applicants similar to those applicable to civil service systems. If so, the terms of the ordinance will control unless the city council elects to change it. The city may further have imposed a requirement that applicants take some form of exam. However, in my opinion, it would be a misnomer to designate such testing as a "civil service exam." The city should consult local counsel to determine the effects of its ordinances.
Chapter 51 of title 14 of the Arkansas Code (Repl. 1998 Supp. 2001), captioned "Civil Service for Police and Fire Departments," applies exclusively to cities of the first class. See A.C.A. §§ 14-51-102 and -201(a) (authorizing the establishment of a civil service system, to be administered by commissioners, only in cities of the first class).[1]Compare A.C.A. §§ 14-49-101 et seq. and 14-51-101 et seq. (likewise restricting the creation of civil service systems for non-uniformed municipal employees to cities of the first class). It thus appears that the age restrictions set forth in this chapter would not apply to Mr. Tatum, who is seeking a position in the fire department of a city of the second class.[2]
I am unable to opine on the question of whether any local Danville ordinance imposes an age restriction that might preclude Mr. Tatum from applying to serve as a fireman. I am likewise unable to opine on the question of whether any local ordinance might warrant crediting his term of service as a voluntary fireman against any such restriction. Local counsel familiar with Danville's ordinances should address these issues.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] Notwithstanding this restriction, I should note that several statutes inadvertently suggest that a city of the second class might have a civil service commission. For instance, A.C.A. § 14-51-303 provides that "the civil service commissions for police and fire departments ofcities of the first and second class shall promulgate rules and regulations governing the political activities of fire department and police department personnel." (Emphasis added.) However, the A.C.R.C. Note to this statute provides: "The language `and second class' was inadvertently added to and adopted as part of, the 1989 corrective bill, Acts 1989, No. 990. Subsection 14-42-110(a)(2) of the Code likewise references "cities of the first class and the second class having civil service commissions." (Emphasis added.) In Ark. Op. Att'y Gen. No.95-195, one of my predecessors commented on this language as follows:
 The new acts make an exception in cities of the first class and second class which have a civil service commission. In such cases, the acts authorize the governing body of the city to delegate the authority to appoint and remove the heads of the police and fire department to the city's civil service commission. The reference to cities of the second class in these acts is unclear, as it does not appear that cities of the second class are authorized to have civil service commissions for their police and fire departments. See A.C.A. § 14-51-102 (1987).
I agree that A.C.A. § 14-51-102 authorizes only cities of the first class to establish civil service commissions to regulate police and fire departments.
[2] With respect to the age restrictions that apply in a city of the first class that has a civil service commission, A.C.A. §14-51-301(b)(1)(C)(i) of the Code provides that only an applicant with at least two years of "previous experience as a paid firefighter" will be entitled to deduct time served from his age in determining whether he falls under the cut-off age of 32. (Emphasis added.) If this provision were to apply, which I believe it does not, Mr. Tatum's service as a voluntary firefighter would consequently not qualify as a credit. Subsection (b)(1)(C)(ii) of the statute does waive the age restriction for applicants seeking an "administrative, managerial, or supervisory" position.